IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILLIAM WILGUS, | : | |
| | : | |
| Plaintiff, | : | CIVIL NO. 1:10-CV-1252 |
| | : | |
| v. | : | Hon. John E. Jones III |
| | : | |
| COMMONWEALTH OF PENNSYLVANIA, | : | |
| | : | |
| Defendant. | : | |

## **MEMORANDUM**

June 17, 2010

**THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:**

Plaintiff William Wilgus ("Plaintiff" or "Wilgus"), an inmate presently confined at the Dauphin County Prison in Harrisburg, Pennsylvania, initiated the above action *pro se* by filing a "Form to Be Used by a Prisoner in Filing a Civil Rights Complaint" in which he claims to be proceeding under 42 U.S.C. § 1983. (*See* Doc. 1.) He also has filed a Motion for Leave to proceed *in forma pauperis*. (Doc. 2.)

Based on the request to proceed *in forma pauperis*, the Complaint is before the Court for screening pursuant to 28 U.S.C. § 1915. For the reasons set forth below, Wilgus will be granted *in forma pauperis* status for the sole purpose of filing this action, and the Complaint will be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for

failure to state a claim upon which relief may be granted.

## I. EXHAUSTION OF ADMINISTRATIVE REMEDIES

In the second section of his form complaint, Wilgus admits that he has not filed any grievances concerning the facts of his complaint, but claims that the grievance process is inapplicable because "this is a civil rights violation." (*See* Doc. 1 at 1 § II.) Contrary to Wilgus' assertion, a plaintiff is required to exhaust administrative remedies as a prerequisite to bringing a suit under the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a). Notwithstanding this failure to exhaust, we have reviewed the Complaint and find that Wilgus has failed to state a claim under 42 U.S.C. § 1983.

## II. ALLEGATIONS OF COMPLAINT

Wilgus states that, as of February 16, 2010, his case in the Pennsylvania Superior Court was dismissed, and that a "motion for arrest of judgment" was granted.[1] (Doc. 1 at 2 § IV.) He explains that he is in the Dauphin County Prison for

---

[1] A review of the Pennsylvania Appellate Court dockets reveals that, on February 16, 2010, the Pennsylvania Supreme Court granted the Petition for Allowance of Appeal filed on behalf of the Commonwealth of Pennsylvania. (*See* 6 MAP 2010, available at http://ujsportal.pacourts.us/docketsheets/appellate.aspx.) In granting the Petition, the Court reiterated the issue, as stated by the Commonwealth, as "Did the courts below err by concluding that a defendant who provides an address and subsequently becomes homeless has no duty to comply with the registration requirements of Megan's Law, such that evidence consistent with these circumstances would be insufficient to support a verdict of guilty of failure to register?" (*See id.*)
(continued...)

failing to register his residence pursuant to Megan's Law. (*Id.*) As relief, he first requests Supplemental Security Income ("SSI") and Social Security Disability Insurance Benefits ("SSDI") from the Social Security Administration from May 20, 2007 through February 4, 2008. (*Id.* at 3 § V.) Wilgus also requests "County Probation to pay back Social Security for the program and for my room and board and my discharged [*sic*]. Thank you." (*Id.*) Finally, Wilgus states that he has cancer, it is hard for him living in prison, and he has other medical problems. (*Id.*)

## III.   LEGAL STANDARD

Under 28 U.S.C. § 1915(e)(2)(B)(ii), a federal court must dismiss a case filed *in forma pauperis* if the court determines that the complaint "fails to state a claim on which relief may be granted." In reviewing the legal sufficiency of a complaint, the Court must accept the truth of the plaintiff's allegations. *Morrison v. Madison Dearborn Capital Partners III L.P.*, 463 F.3d 312, 314 (3d Cir. 2006). A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 570 (2007) (rejecting the "no set of facts" language from *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual

---

$^1$(...continued)
Briefs on behalf of the Commonwealth and Wilgus have been submitted. (*See id.*)

3

allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Id.* at 555 (citation omitted). To survive a motion to dismiss, the factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Id.*

Pro se pleadings are to be construed liberally, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), and pro se litigants are to be granted leave to file a curative amended complaint "even when a plaintiff does not seek leave to amend," unless such an amendment would be inequitable or futile." *Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004). However, a complaint that sets forth facts which affirmatively demonstrate that the plaintiff has no right to recover is properly dismissed without leave to amend. *Grayson v. Mayview State Hospital*, 293 F.3d 103, 108 (3d Cir. 2002).

**IV. DISCUSSION**

To state a civil rights claim under 42 U.S.C. § 1983, a plaintiff must plead two essential elements: (1) the conduct complained of was committed by a person acting under color of state law; and (2) the conduct deprived Plaintiff of a right, privilege or immunity secured by the Constitution or laws of the United States. *Nicini v. Morra*,

212 F.3d 798, 806 (3d Cir. 2000).

In the instant case, Wilgus does not complain about conduct committed by a person acting under color of state law that violated his rights under the Constitution or other laws of the United States. He is requesting payment of benefits from the Social Security Administration and that the County Probation Office make a payment to Social Security for time during which he apparently was participating in a probation program. Although Wilgus states that he has cancer and other medical problems, and that living in prison is difficult, he does not state that he is not receiving medical treatment or receiving inadequate treatment. He simply does not allege that there has been any violation of his Constitutional rights. Accordingly, his Complaint must be dismissed for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii).

Moreover, because Wilgus is not alleging the violation of any constitutional right, amendment of his Complaint would be futile. *See Grayson*, 293 F.3d at 114. Therefore, dismissal of his Complaint will be with prejudice. An appropriate Order will enter.